UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS GOMEZ,<br><br>　　　　　Petitioner,<br><br>v.<br><br>LARRY SMALL, Warden, et al.,<br><br>　　　　　Respondents | Case No. 09-CV-1972-W (JMA)<br><br>**REPORT AND RECOMMENDATION TO DENY MOTION TO DISMISS** |

　　　　Petitioner Louis Gomez ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition For Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. §2254, challenging the Board of Parole Hearings' (the "Board") denial of his parole on January 7, 2009. (Doc. No. 1.)  Respondents filed a Motion to Dismiss the Petition, contending Petitioner's claims have been rendered moot by his request on August 6, 2009 to waive and defer his 2009 parole consideration hearing for a period of one year for the purpose of remaining incarcerated to participate in educational and rehabilitative programming. (Doc. No. 8.)  Petitioner has filed an Opposition to the Motion to Dismiss.  (Doc. No. 12.) The Court, having reviewed the Petition, Respondents' Motion to Dismiss, and Petitioner's Opposition to the Motion to Dismiss and the lodgments presented therewith, finds Respondents have not established that Petitioner's claims are moot.  The Court recommends, therefore, that Respondents' Motion to Dismiss be DENIED and Respondents be required to file an Answer to the Petition.

## *DISCUSSION*

Petitioner has been in the custody of the California Department of Corrections and Rehabilitation ("CDCR") since July 1983, after pleading guilty to an offense of Second Degree Murder. (Petition, 2.) He appeared before the Board on January 17, 2009 for a parole reconsideration hearing and was found unsuitable for parole. *Id.* at 1. He now contends his due process rights were violated in connection with that proceeding by the Board's continued reliance on unchanging and static factors, including the crime, to deny parole a seventh time (Ground 1); the term of his confinement has become constitutionally disproportionate to his sentence, which was imposed when he was a juvenile (Ground 2); and the Board was unlawfully constituted, resulting in a purported bias (Ground 3). *Id.* at 6 – 8.

Respondents argue the Petition must be dismissed as moot because, on August 6, 2009, Petitioner requested and received a waiver of his 2009 parole consideration hearing. In support of this argument, Respondents cite to a document referred to as "Ex.1, 2009 Parole Consideration Hr'g Tr." Respondents claim this document, which is identified as the transcript from the August 6, 2009 proceedings before the Board, shows that Petitioner requested to waive his appearance at that hearing and further requested a "one-year waiver for programing." The document is purported to further show that Petitioner requested to be transferred to another correctional facility to participate in education programming for one year prior to his next parole hearing and that his request was granted. Respondents, however, failed to provide the Court with this document or any other exhibits or lodgments and, as such, their motion is deficient. The Court observes, however, that Petitioner provided a number of exhibits in support of his opposition, including one that matches Respondents' description of their key, but missing, exhibit. *See Memorandum of Points & Authorities in Support of Opposition to Motion to Dismiss*, Attachment 2 (Doc. 12.2, pages 8-13). The Court, therefore, takes notice of this document and turns to the merits of Respondents' motion.

/ /

As Respondents note, Article III, Section 2 of the U.S. Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. The case-or-controversy requirement subsists through all stages of federal judicial proceedings, including trial and appellate. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990). "The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* Throughout the litigation the plaintiff or petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7, *citing Lewis*, 494 U.S. at 477. Mootness can arise at any stage of litigation. *Calderon v. Moore*, 518 U.S. 149, 150 (1996). A case should be dismissed as moot when, by virtue of an intervening event, a court cannot grant "any effectual relief whatever." *Id.*, *citing Mills v. Green*, 159 U.S. 651, 653. Even the availability of a "partial remedy" is "sufficient to prevent [a] case from being moot." *Id.*

Respondents contend Petitioner's claims have been superseded by a change in circumstance caused by his 2009 decision to waive his parole proceedings. *Citing Hill v. McDonough*, 547 U.S. 574, 579 (2006) for the proposition that this habeas corpus action is proper only to challenge the fact or duration of Petitioner's present confinement, Respondents argue the Board's decision to deny parole is no longer implicated in the fact or duration of Petitioner's present confinement because he requested to waive a subsequent parole proceeding. Thus, Respondents contend, the claims presented in the Petition must be dismissed as moot.

Petitioner's waiver of his right to a parole hearing for a period of one year does not negate his stake in the outcome of this case. Petitioner is presently in custody, a circumstance he claims is unlawful and results from due process violations arising from the Board's denial of parole on January 7, 2009. When he appeared before the Board on August 6, 2009, he did not waive his right ever to be eligible for consideration for parole. Nor did he waive his right to seek habeas relief for alleged constitutional violations in prior proceedings. Rather, he simply waived his appearance at that

particular hearing and for a period of one year thereafter. Assuming Petitioner can prevail on one or more of the claims made in his Petition, his decision to waive his parole consideration hearing for a finite period of one year does not deprive this Court of the ability to grant "any effectual relief whatever" with regard to this case. His Petition, therefore, is not moot.

### *CONCLUSION AND RECOMMENDATION*

After a review of the record in this matter, the undersigned Magistrate Judge recommends Respondents' Motion to Dismiss be **DENIED**.

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **July 2, 2010**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 16, 2010**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 16, 2010

_____
Jan M. Adler
U.S. Magistrate Judge