UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS GOMEZ,<br><br>              Petitioner,<br><br>       v.<br><br>LARRY SMALL, Warden,<br><br>              Respondent. | Case No. 09-CV-1972-W (JMA)<br><br>**REPORT AND RECOMMENDATION RE DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

### I.     Introduction

Petitioner Louis Gomez ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the January 17, 2008 decision by the Board of Parole Hearings ("Board") to deny him parole. (Doc. No. 1.)  The Court has considered the Petition, Respondent's Answer and Memorandum of Points and Authorities in support thereof, Petitioner's Traverse, and all the supporting documents submitted by the parties.  Based upon the documents and evidence presented in this case, and for the reasons set forth below, the Court recommends that the Petition be **DENIED**.

### II.    Background

The following statement of facts is taken from the August 20, 2008 opinion of the Superior Court of California, County of Los Angeles on a petition for writ of habeas

1 corpus filed by Petitioner. (Lodgment No. 3.) This Court gives deference to state court findings of fact and presumes them to be correct. Tilcock v. Budge, 538 F.3d 1138, 1141 (9th Cir. 2008). Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. Id.; see also 28 U.S.C. § 2254(e)(1). The facts as found by the Los Angeles Superior Court are as follows:

> Petitioner was received in the Department of Corrections on July 26, 1983 after a conviction for second-degree murder with use of a firearm. He was sentenced to fifteen years to life in prison. He was later convicted of assault on an inmate and was sentenced to an additional six years to run consecutively. His minimum parole eligibility date was April 24, 1995. The record reflects that on February 2, 1982, petitioner and three accomplices who were all members of the Primiera Flats gang attempted to rob the victim. One of the accomplices was armed with a semi-automatic rifle. When the victim refused to give up his money, petitioner and his crime partners began to beat him. The victim was able to defend himself and escape. He ran into an apartment building chased by the armed accomplice. Petitioner and his other friend started to return to their car when they heard a gunshot. They entered the building. Petitioner drew a dagger from [a] holster on his waist and stabbed the victim four times. The victim finally surrendered his wallet. The victim died as a result of gunshot and stab wounds. Petitioner claimed he did not realize that the victim died because he gave them the wallet after the attack.

(Lodgment No. 3 at 1.) The Board conducted a parole hearing on January 17, 2008 and found Petitioner unsuitable for parole. (Pet. at 1.)

On or about June 20, 2008, Petitioner filed a Petition for Writ of Habeas Corpus in the Superior Court of California, County of Los Angeles, contending that his prison term had exceeded the constitutional maximum, his due process rights had been violated by the Board's reliance on the crime and other unchanging factors in denying him parole, and the Board was not lawfully constituted. (Lodgment No. 2.) That court denied the petition on August 20, 2008. (Lodgment No. 3.) On or about October 30, 2008, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, in which he asserted the same three grounds for relief raised in his previous habeas petition. (Lodgment No. 4.) On December 30, 2008, that court denied the petition. (Lodgment No. 5.) On January 22, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court, again asserting the same three claims previously raised. (Lodgment No. 6.) The petition was denied on July 8, 2009.

2

09cv1972

(Lodgment No. 7.)

On September 8, 2009, Petitioner initiated the instant proceedings by filing a federal Petition for Writ of Habeas Corpus.  (Pet., Doc. No. 1).  Petitioner again raises the same three claims:  he alleges his due process rights were violated in connection with the parole hearing by the Board's continued reliance on unchanging and static factors, including the crime, to deny him parole for a seventh time (Ground 1); the term of his confinement has become constitutionally disproportionate to his sentence, which was imposed when he was a juvenile (Ground 2); and the Board was unlawfully constituted, resulting in a purported bias (Ground 3).  (Id. at 6-8 & Supporting Facts [Doc. No. 1-1 at 4-14].)  Respondent initially filed a motion to dismiss, which was denied on July 8, 2010.  (Doc. No. 15.)  Respondent subsequently filed an Answer on November 2, 2010, and Petitioner filed a Traverse on December 21, 2010.  (Doc. Nos. 20, 24.)

**III.    Discussion**

**A.    Standard of Review**

Title 28, United States Code, § 2254(a) sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

The current Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  See Lindh v. Murphy, 521 U.S. 320 (1997).  As amended, 28 U.S.C. § 2254(d) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Under section 2254(d)(1), state court decision is "contrary to" Supreme Court authority if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision is an "unreasonable application of" Supreme Court authority if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Under section 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

The last reasoned state court decision serves as the basis for the state court judgment. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007). Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. See Delgado v. Lewis, 223 F.3d 976, 981-82 (9th Cir. 2000) (overruled on other grounds by Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)); Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite to or even be aware of Supreme Court precedent when resolving a habeas corpus claim, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent. Early v. Packer, 537 U.S. 3, 8 (2002).

//
//

### B. Ground One

Petitioner contends that his right to due process was violated by the Board's continued reliance on the crime and other unchanging factors in his background to deny him parole. (Pet. at 6.) Petitioner argues that the Board has not provided any reasonable explanation as to how these factors render him an unreasonable risk to public safety. (Id.) Respondent contends that Petitioner does not have a federal constitutional right to a parole decision supported by some evidence of his current threat to public safety and that he received the due process protections required under clearly established federal law. (Resp't. Mem. at 4, 5-8.)

The Supreme Court's recent per curiam decision in Swarthout v. Cooke, --- U.S. ----, 131 S.Ct. 859 (2011) is dispositive of Petitioner's claim. The Court stated that the only federal right at issue on the petitioners' due process claims regarding their parole determinations was procedural, not substantive, and thus the relevant inquiry was what process the petitioners received, not whether the state court had decided their cases correctly. Id., 131 S.Ct at 863. The Court provided a two-step due process inquiry: first, it must determined "whether there exists a liberty or property interest of which a person has been deprived," and if so, "whether the procedures followed by the State were constitutionally sufficient." Id. at 861. As to the first step, the Supreme Court left in place Ninth Circuit precedent that California law creates a liberty interest in parole. Id.; see also Pearson v. Muntz, --- F.3d ----, 2011 WL 1238007 (9th Cir. 2011). The Court emphasized, however, that this interest is a *state* interest created by California law. Cooke, 131 S.Ct. at 862 (emphasis in original).

When such an interest is created, the second step of the due process inquiry requires federal courts to evaluate whether the state provided "fair procedures" for the vindication of that interest. Id. In the parole context, only minimal procedures are required. Id. When an inmate is allowed an opportunity to be heard and is provided a statement of the reasons why parole was denied, due process is satisfied. Id. (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)).

In Cooke, the petitioners "were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id. at 162. According to the Supreme Court, "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process." Id. As the Court explained, "[I]t is no federal concern . . . whether California's 'some evidence' rule of judicial review . . . was correctly applied." Id. As interpreted by the Ninth Circuit, "Stated otherwise, there is no substantive due process right created by California's parole scheme. If the state affords the procedural protections required by Greenholtz and Cooke, that is the end of the matter for purposes of the Due Process Clause." Roberts v. Hartley, --- F.3d ----, 2011 WL 1365811, at *3 (9th Cir. 2011).

Here, Petitioner does not argue that he was denied an opportunity to speak at his hearing and contest the evidence against him, that he was denied advance access to his record, or that he was not notified of the reasons why parole was denied. Rather, he argues that the parole board's decision was not supported by sufficient evidence that he presents an unreasonable risk to public safety. This is precisely the kind of claim that Cooke holds is not cognizable on federal habeas review. Accordingly, the Court recommends that this claim be denied.

### C.  Ground Two

Petitioner next argues that the term of his confinement has exceeded the constitutional maximum because at the time of his sentence, juveniles tried as adults could not be sentenced to life without parole. (Pet. at 7.) He claims that he has served 26 years on a 15 years to life sentence, and argues that he is serving a de facto sentence of life without parole because the Board has set his parole date at "life" and continues to rely on static, unchanging factors in his background to deny him parole. (Id. & Supporting Facts [Doc. No. 1-1 at 9-11].) He further argues that his age (16) at the time of the committed offense is not being considered. (Id.) Respondent, analyzing this issue as an Eighth Amendment disproportionate sentence claim, argues that

Petitioner is not entitled to habeas relief as the state court's decision does not run afoul of any clearly established federal law. (Resp't. Mem. at 12-13.) Petitioner refutes the characterization of his claim as an Eighth Amendment claim and argues that "[t]his issue pertains to Equal Protection." (Traverse at 4.)

Petitioner raised this claim in the habeas petitions filed in both the California Court of Appeal and the California Supreme Court. (Lodgment Nos. 4, 6.) As both courts denied the respective petitions without a reasoned decision, the Court "looks through" these denials to the Los Angeles Superior Court's opinion as the basis for its analysis. Ylst, 501 U.S. at 801-06. In denying this claim, the Los Angeles Superior Court stated:

> Petitioner argues that the Board's decision is invalid because he was a juvenile at the time he commit[ted] the murder. He claims that, by denying parole after his minimum eligible parole date, the Board has transformed his sentence to life without the possibility of parole, which was an unlawful sentence for juvenile offenders at the time. (Citation omitted.) However, contrary to petitioner's contentions, the Board has not transformed his sentence. Petitioner was given a sentence that carries a maximum of life in prison. "One who is legally convicted has no vested right to the determination of his sentence at less than the maximum." (Citation omitted.) A prison[er] may not be paroled until the Board finds that he no longer poses an unreasonable risk of danger to society regardless of his age at the time of the commitment offense or the number of years served. In this case, the Board found that petitioner continues to pose such a risk.

(Lodgment No. 3 at 1-2.)

Whether based upon the Eighth Amendment or the Equal Protection Clause of the Fourteenth Amendment, this claim fails. As the Supreme Court enunciated in Cooke, the U.S. Constitution does not require states to offer parole to its prisoners. Cooke, 131 S.Ct at 862; Greenholtz, 442 U.S. at 7. To the extent that a state does offer parole, a federal court's inquiry *begins and ends* with assessing whether the prisoner received due process. Cooke, 131 S.Ct. at 862 (emphasis added). Here, as discussed above, Petitioner does not dispute that he received the requisite degree of process.

Moreover, as a general matter, "[S]o long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds." United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990). Here, Petitioner has

not established that his sentence exceeds the statutory maximum. Petitioner's sentence of 15 years to life carries no guaranteed parole date, and carries with it the potential that he could serve the entire term. See Pearson, --- F.3d at ----, 2011 WL 1238007, at *1 (explaining that prisoners serving indeterminate life prison sentences [i.e., those whose life sentences do not include 'without the possibility of parole'] may serve up to life in prison, but become eligible to be considered for parole after serving minimum terms of confinement). Under California law, the parole board is not required to set a parole release date until it determines that an inmate no longer poses an unreasonable threat to public safety. Cal. Penal Code § 3041; In re Lawrence, 44 Cal. 4th 1181, 1210 (2008). Though Petitioner relies upon the terms of imprisonment set forth in Cal. Code Regs. tit. 15 § 2403(c) to support his argument that the term of his confinement has exceeded the constitutional maximum, this section pertains to the base term of confinement utilized by the parole board *once an inmate is found suitable for parole.* See 15 C.C.R. § 2403 (emphasis added). Because Petitioner has not been found to be suitable for parole, section 2403 has no application here. Id.; see also Paddock v. Mendoza-Powers, 674 F. Supp. 2d 1123, 1128-29 (C.D. Cal. 2009). To the extent that Petitioner's claim rests upon Eighth Amendment grounds, the claim fails.

Additionally, the "Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quotation omitted). Although Petitioner frames this claim as a matter involving the Equal Protection Clause, Petitioner has provided no argument or evidence to support an equal protection claim. He has not, for example, demonstrated that he is being treated differently than any other similarly situated inmate. Accordingly, to the extent Petitioner's claim rests upon Equal Protection grounds, the claim is without merit.

The state court's denial of this claim was not contrary to or an unreasonable application of Supreme Court authority. Therefore, the Court recommends that this

claim be denied.

### D. Ground Three

Petitioner next argues that he did not receive an impartial parole hearing because the Board was not lawfully constituted. He relies upon Cal. Penal Code section 5075, which requires parole commissioners to "reflect as nearly as possible a cross section of the racial, sexual, economic, and geographic features of the population of the state." Cal. Penal Code § 5075(b). Petitioner asserts that in the 14 years since his initial parole consideration hearing, the Board panels considering his case have been primarily composed of male Caucasians from the "upper economic strata." (Pet. at 8 & Supporting Facts [Doc. No. 1-1 at 12-14].)

Although Petitioner raised this claim in each of his state habeas petitions (see Lodgment Nos. 2, 4, 6), none of the state court decisions include a reasoned opinion with regard to this claim. (Lodgment Nos. 3, 5, 7.) When a federal habeas petition contains a claim in which there is no reasoned state court decision denying an issue which was presented to the state court, the Court must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. See Delgado, 223 F.3d at 982. Although the state courts did not expressly decide this issue, this Court should, nevertheless, defer to the state courts' denials. See Harrington v. Richter, --- U.S. ----, 131 S.Ct. 770, 786 (2011).

"A fair trial in a fair tribunal is a basic requirement of due process." In re Murchison, 349 U.S. 133, 136 (1955). Fairness requires the absence of actual bias and of the probability of unfairness. Id. "Because parole board officials perform tasks that are functionally comparable to those performed by the judiciary, they owe the same duty: 'to render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at state.'" O'Bremski v. Maass, 915 F.2d 418, 422 (9th Cir. 1990) (quoting Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir. 1981). There is a presumption of honesty and integrity in those serving as adjudicators.

Withrow v. Larkin, 421 U.S. 35, 47 (1975).

Here, the record of Petitioner's parole hearing does not establish any basis for a violation of due process or a finding of bias. The record may reasonably be seen to reflect that the commissioners considered many factors in connection with Petitioner's suitability for parole, that they properly considered the evidence, including evidence submitted by Petitioner, and that they made an individualized assessment of the circumstances of Petitioner's case. (See Lodgment No. 1.) Petitioner himself chose not to avail himself of the opportunity to appear before the Board. (Id. at 3, 21-22.) The Court finds no evidence that the Board exhibited any bias or unfairness while it presided over Petitioner's hearing.

Because Petitioner does not contest that the "minimal" procedures required by Cooke have been met in this case, this claim is likely foreclosed by Cooke. Furthermore, Petitioner has not demonstrated bias on the part of the Board, and thus has not shown that the state court's decision upholding the Board's denial of parole was contrary to or an unreasonable application of Supreme Court authority. Accordingly, the Court recommends that this claim be denied.

**IV.  Conclusion and Recommendation**

After a thorough review of the record in this matter, the undersigned magistrate judge finds that Petitioner has not shown that he is entitled to federal habeas relief under the applicable legal standards. Therefore, the undersigned magistrate judge hereby recommends that the Petition be **DENIED WITH PREJUDICE** and that judgment be entered accordingly.

This Report and Recommendation is submitted to the Honorable Thomas J. Whelan, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **IT IS ORDERED** that not later than **June 28, 2011**, any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." **IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed not later than **July**

**12, 2011**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 31, 2011

_____
Jan M. Adler
U.S. Magistrate Judge