UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS GOMEZ,<br><br>                Petitioner,<br><br>vs.<br><br>LARRY SMALL, et al.,<br><br>                Respondents. | CASE NO: 09-CV-1972 W (JMA)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION [DOC. 26],**<br><br>**(2) OVERRULING PETITIONER'S OBJECTIONS [DOC. 30], AND**<br><br>**(3) DENYING PETITION WITH PREJUDICE [DOC. 1]** |

On September 8, 2009, Petitioner Louis Gomez, a state prisoner proceeding *pro se*, filed this Petition for Writ of Habeas Corpus under 42 U.S.C. § 2254 ("Petition"), challenging the Board of Parole Hearings' January 17, 2008 decision to deny him parole. (Doc. 1.) On May 31, 2001, United States Magistrate Judge Jan M. Adler issued a Report and Recommendation ("Report") recommending that this Court deny the Petition with prejudice. (Doc. 26.)

The Court decides the matters on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons stated below, the Court **ADOPTS** the Report in its entirety (Doc. 26), and **OVERRULES** Petitioner's objections (Doc. 30). Accordingly, the Court **DENIES WITH PREJUDICE** the Petition (Doc. 1), and also **DENIES** a certificate of appealability.

I. BACKGROUND[1]

On August 20, 2008, the Los Angeles Superior Court issued an opinion on a habeas petition filed by Petitioner. The Los Angeles Superior Court's findings of fact are as follows[2]:

> Petitioner was received in the Department of Corrections on July 26, 1983 after a conviction for second-degree murder with use of a firearm. He was sentenced to fifteen years to life in prison. He was later convicted of assault on an inmate and was sentenced to an additional six years to run consecutively. His minimum parole eligibility date was April 24, 1995. The record reflects that on February 2, 1982, petitioner and three accomplices who were all members of the Primiera Flats gang attempted to rob the victim. One of the accomplices was armed with a semi-automatic rifle. When the victim refused to give up his money, petitioner and his crime partners began to beat him. The victim was able to defend himself and escape. He ran into an apartment building chased by the armed accomplice. Petitioner and his other friend started to return to their car when they heard a gunshot. They entered the building. Petitioner drew a dagger from [a] holster on his waist and stabbed the victim four times. The victim finally surrendered his wallet. The victim died as a result of gunshot and stab wounds. Petitioner claimed he did not realize that the victim died because he gave them the wallet after the attack.

(*Report* 2:6–14 [Doc. 26].) The Board conducted a parole hearing, and on January 17, 2009, found Petitioner unsuitable for parole. (*Pet.* ¶ 3 [Doc. 1].)

On or about June 20, 2008, Petitioner filed a habeas petition in Los Angeles Superior Court, contending that his prison term exceeded the constitutional maximum,

---

[1] Petitioner did not object to the following factual summary presented in the Report.

[2] The Court gives deference to state-court findings and presumes them to be correct. Tilcock v. Budge, 538 F.3d 1138, 1141 (9th Cir. 2008). Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. Id.; see also 28 U.S.C. § 2254(e)(1).

his due-process rights had been violated by the Board's reliance on the crime and other unchanging factors in denying him parole, and the Board was not lawfully constituted. On August 20, 2008, the petition was denied. On or about October 30, 2008, Petitioner filed a habeas petition in the California Court of Appeal, asserting the same three grounds for relief raised in his previous petition. On December 30, 2008, the petition was denied. On January 22, 2009, Petitioner then filed a habeas petition in the California Supreme Court, again asserting the same three grounds previously raised. On July 8, 2009, the petition was denied.

On September 8, 2009, Petitioner filed the instant Petition. He again raises the same three claims. He alleges that: (1) his due-process rights were violated in connection with the parole hearing by the Board's continued reliance on unchanging and static factors, including the crime, to deny him parole for a seventh time (Ground One); (2) the term of his confinement has become constitutionally disproportionate to his sentence, which was imposed when he was a juvenile (Ground Two); and (3) the Board was unlawfully constituted, resulting in a purported bias (Ground Three). (*Pet.* ¶ 22; *Pet. Exs. Pt. 1* at 4–14 [Doc. 1-1].) Thereafter, Respondents Larry Small and Jerry Brown filed an Answer, and Petitioner filed a Traverse. On May 31, 2011, Judge Adler issued the Report, recommending that this Court deny the Petition with prejudice. Petitioner filed timely objections.

## II.   LEGAL STANDARD

A district court's duties concerning a magistrate judge's report and recommendation and a party's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1). When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,*

but not otherwise") (emphasis in original); Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections are filed, the district court has no obligation to review the magistrate judge's report).

In contrast, the duties of a district court in connection with a magistrate judge's report and recommendation are quite different when an objection has been filed. These duties are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1). Specifically, the district court "must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c); see also United States v. Raddatz, 447 U.S. 667, 676 (1980); United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

### III.  DISCUSSION

#### A.  Ground One

For the purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural-due-process protections in connection with a parole suitability determination. Swarthout v. Cooke, ─── U.S. ───, ───, 131 S. Ct. 859, 862 (2011) (per curiam). When the prisoner is allowed an opportunity to be heard and is provided a statement of the reasons why parole was denied, due process is satisfied. Id. at 862 (citing Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 16 (1979)); see also Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("[T]he [Due Process] Clause's requirements were satisfied where the inmates 'were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.'"). Whether the state court decided their case correctly is not relevant to this inquiry. Id. at 863.

Petitioner claims that the Board violated his right to due process by the continued reliance on the crime and other unchanging factors in denying him parole. In the

1 Report, Judge Adler found that this is "precisely the kind of claim that Cooke holds is
2 not cognizable on federal habeas review." (*Report* 6:16–17.)  In response, Petitioner
3 directs the Court to the following to support his claim in his objections: (1) he was given
4 a copy of his mental health evaluation six days before his hearing rather than ten days
5 before the hearing as statutorily required by California Penal Code § 3041.5(a)(1); (2)
6 he was not given a fair opportunity for rebuttal; and (3) the Board failed to articulate
7 a "rational nexus" to deny parole.  However, none of these arguments is availing.

8 Again, none of Petitioner's arguments addresses the relevant inquiries under
9 Cooke.  Petitioner does not argue that he was denied an opportunity to be heard, that
10 he was denied advance access to his record, or that he was not provided a statement of
11 the reasons why parole was denied.  To the contrary, Petitioner was given the
12 opportunity to be heard but waived that right (*Objections, Attach . 2* [Doc. 30]); and
13 was given a detailed explanation of the reasons why his parole was denied (*Pet., Exs. Pt.*
14 *2, Ex. 9*).  Furthermore, he was also granted access to his record and notified by the
15 statutorily required time that he would receive a copy of his mental health evaluation.
16 (*Objections, Attach . 1*.)  Though he received the mental health evaluation a few days
17 later, the delay was not so egregious as to deprive him of due process.

18 Accordingly, the Court accepts Judge Adler's recommendation and denies this
19 claim.

21 **B.    Ground Two**

22 Petitioner next argues that the term of his confinement has exceeded the
23 constitutional maximum because, at the time of his sentence, juveniles tried as adults
24 could not be sentenced to life without parole.  He claims that he has served 26 years on
25 a 15-years-to-life sentence, and argues that he is serving a de facto sentence of life
26 without parole because the Board has set his parole date at "life" and continues to rely
27 on static, unchanging factors in his background to deny him parole.  He also argues that
28 "[t]his issue pertains to Equal Protection."  In the Report, Judge Adler rejected his

claims on the grounds that Petitioner does not dispute that he received the requisite degree of process as required by Cooke, and that he has not established that his sentence exceeds the statutory maximum. In response, Petitioner argues in his objections that Judge Adler misapplied the law. Specifically, he contends that applying Cooke was incorrect, and that he was "being treated differently than a person similarly situated" in violation of his equal-protection rights. (*Objections* 9:14–27; 11:18–21.)

In Cooke, the Supreme Court stated that the United States Constitution does not require states to offer parole to its prisoners. Cooke, 131 S. Ct. at 862; Greenholtz, 442 U.S. at 7. To the extent that a state does offer parole, a federal court's inquiry *begins and ends* with assessing whether the prisoner received due process. Given that Cooke explicitly addresses the due-process rights afforded to prisoners seeking parole, Judge Adler appropriately applied Cooke to this issue. Furthermore, Petitioner does not dispute that he received the requisite degree of process.

Additionally, the "Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quotations omitted). Judge Adler found that "[a]lthough Petitioner frames this claim as a matter involving the Equal Protection Clause, Petitioner has provided no argument or evidence to support an equal protection claim." (*Report* 8:22–24.) Here, Petitioner suffers from the same failure. He does not provide any coherent argument or present any evidence to support an equal-protection argument.

Accordingly, the Court affirms Judge Adler's reasoning, accepts his recommendation, and denies this claim.

//

//

//

### C. Ground Three

"A fair trial in a fair tribunal is a basic requirement of due process." In re Murchinson, 349 U.S. 133, 136 (1955). Fairness requires the absence of actual bias and of the probability of unfairness. Id. "Because parole board officials perform tasks that are functionally comparable to those performed by the judiciary, they owe the same duty: 'to render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at state.'" O'Bremski v. Maass, 915 F.2d 418, 422 (9th Cir. 1990). Consequently, there is a presumption of honesty and integrity in those serving as adjudicators. Withrow v. Larkin, 421 U.S. 35, 47 (1975).

Petitioner argues that the Board's panel was biased because it was not "composed to reflect as near as possible a *cross-section* of the state's features or population [with] respect to *race, gender, economic, and geographic* background." (*Objections* 13:9–12 (emphasis in original).) However, as Judge Adler appropriately found, the record of Petitioner's parole hearing does not establish any basis for a violation of due process or a finding of bias. The Board presented its reasons why it denied parole, considering evidence presented by Petitioner and making an individualized assessment of the circumstances of Petitioner's case. (*See Pet., Exs. Pt. 2, Ex.* 9.) Additionally, Petitioner was given to opportunity to be heard but waived that right. (*Objections, Attach . 2.*) Petitioner does not present any evidence in his objections challenging these findings. Therefore, there is no evidence that the Board exhibited any bias or unfairness while it presided over Petitioner's hearing.[3]

Accordingly, the Court accepts Judge Adler's recommendation and denies this claim.

//
//

---

[3] Petitioner also does not contest that the "minimal" due-process procedures required by Cooke have been met in this case. Consequently, this claim is also likely foreclosed under Cooke.

## IV. CONCLUSION AND ORDER

In light of the foregoing, the Court **ADOPTS** the Report in its entirety (Doc. 26), and **OVERRULES** Petitioner's objections (Doc. 30). Accordingly, the Court **DENIES WITH PREJUDICE** the Petition. (Doc. 1.) Furthermore, because reasonable jurists would not find the Court's assessment of the issues above debatable or wrong, the Court also **DENIES** a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Clerk of the Court shall close the district court file.

**IT IS SO ORDERED.**

DATED: August 12, 2011

_____
Hon. Thomas J. Whelan
United States District Judge

CC:   ALL PARTIES
       HON. JAN M. ADLER, UNITED STATES MAGISTRATE JUDGE